UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 NOV 14  P 2: 55

| | |
|---|---|
| ARTHUR YEOMANS, JR., <br>     Plaintiff, <br><br> vs. <br><br> SANDRA E. WALLACE a/k/a <br> SANDRA E. LUZZI, GEORGE <br> T. LUZZI, DALE BRUMMUND, <br> TOWN OF STONINGTON, <br><br>     Defendants. | CIVIL ACTION NO. <br> 3:03 CV 0380 (SRU) |

### RULING ON DEFENDANT'S MOTION TO DISMISS

Arthur Yeomans, Jr. ("Yeomans") brought this lawsuit against the Town of Stonington ("the Town"), Officer Dale Brummund ("Brummund"), Sandra E. Wallace a/k/a Sandra E. Luzzi ("Wallace"), and George Luzzi ("Luzzi") alleging a deprivation of civil rights under 42 U.S.C. § 1983 ("Section 1983") and several violations of state law. Yeoman alleges that Brummund, Wallace, and Luzzi deprived him of due process by entering and searching his business premises without probable cause and deprived him of his property without notice or the opportunity to be heard. Yeomans alleges that the Town is responsible for the deprivation of his property by failing to instruct Brummund and other Stonington police officers to differentiate between civil and criminal matters, to understand and act within the scope of their powers, and to utilize proper search and seizure procedures. Additionally, the plaintiff alleges that the Town maintained a policy of allowing police officers to escort citizens in certain situations, which the Town should have known could lead to such deprivations of property.

Brummund and the Town filed a Motion to Dismiss, pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure, arguing that the first count of the complaint fails to state a claim upon

which relief can be granted and that plaintiff's state law claims against Brummund should either be dismissed for failure to state a claim upon which relief can be granted or be remanded to state court.

For the following reasons, the defendants' motion to dismiss Counts One and Four is denied; the motion to dismiss Counts Two and Three is granted without prejudice to replead within thirty days if there is a factual basis to do so.

**Background**

The following facts, alleged in the complaint, are assumed true for purposes of ruling on the motion to dismiss. Yeomans owns an antique store, the Old Mystic Manor, which is located in the Town of Southington. In or about June 2002, Wallace proposed that she use space in the plaintiff's store to sell flowers. Yeomans contends that, even though Wallace was never an employee, she sold her flowers out of the store. Wallace was given a key to the premises. Wallace occasionally sold to Yeomans items that he then displayed and sold in his store.

In early September 2002, Yeomans discovered that Wallace was allegedly stealing items from the antique store. When Yeomans confronted Wallace about missing items, an argument ensued. Yeomans told Wallace not to return to the store.

On September 10, 2002, Wallace and Luzzi contacted Brummund and requested an escort to Yeomans' antique store. Wallace informed Brummund that she was an employee of the store who was about to quit her job and that she owned two items in the store that she needed to retrieve: a gold twist bracelet, in a display case, and a Royal cash register. Luzzi confirmed that the items belonged to Wallace.

When Brummund, Wallace, and Luzzi reached the store, Wallace produced a key to the premises. Despite protests by the owner of the building, who witnessed the entry by Brummund,

2

Wallace, and Luzzi, the three defendants entered the locked business premises. Wallace took at least two items; the plaintiff claims that additional items were missing when he returned and inventoried the store. The complaint does not allege that Brummund helped Wallace and Luzzi physically remove the items, but that Brummund allowed Wallace and Luzzi to leave with the items.

Brummund did not have a warrant to enter the premises. Brummund also allegedly declined a request from the building owner that Brummund provide an inventory of the items removed and give a reason for entry into the store. Yeomans was not given prior notification regarding Brummund, Wallace, and Luzzi's intended entrance and the removal of the items.

**Standard of Review for a Motion to Dismiss**

A motion to dismiss for failure to state a claim may only be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In deciding a motion to dismiss, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994). The complaint must be construed liberally. Tarshis v. Riese Organization, 211 F.3d 30, 35 (2d Cir. 2000). "This standard is applied with particular strictness when the plaintiff complains of a civil rights violation." Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991).

**Discussion**

**A. Section 1983 Claim**

Yeomans alleges that Brummund's entrance into the locked premises, with Wallace and Luzzi, and Brummand's continued presence in the store, while Wallace and Luzzi removed items

3

that allegedly belonged to the plaintiff, constituted an authorization of theft. Yeomans contends that Brummund's apparent authorization of the alleged theft constitutes state action. Brummand and the Town counter that Brummund's presence in the store was merely to keep the peace, that his involvement was "de minimis," and that his conduct did not constitute state action. Brummund argues that he did not physically remove the items himself and that he had reason to believe Wallace was authorized to enter because she had a key to the premises. Wallace had explained that she was an employee of the store and that she would soon be terminating her employment at the Old Mystic Manor. In addition, Wallace brought a witness, Luzzi, who confirmed that the items belonged to Wallace. Therefore, both the Town and Brummund contend that the actions taken by Brummund on September 10, 2002 did not rise to the level of state action. In the absence of such state action, the defendants contend that the plaintiff has failed to state a claim under Section 1983 and, thus, Count One of the complaint should be dismissed.

Section 1983 is "the 'basic vehicle' by which a federal court adjudges alleged state and local infringements of federally created rights." Ruhlmann v. Ulster County Department of Social Services, 234 F. Supp. 2d 140, 159 (N.D.N.Y. 2002). In order to state a claim under Section 1983, upon which relief may be granted, the plaintiff must allege that he or she was deprived of a right, privilege or immunity secured by the Constitution and that the "deprivation was perpetrated by a person acting 'under color of [a state] statute, ordinance, regulation, custom or usage.'" Murphy v. New York Racing Ass'n, Inc., 76 F. Supp. 2d 489, 493 (S.D.N.Y. 1999) (quoting 42 U.S.C. § 1983). "The 'under color of state law' requirement is legally indistinguishable from the 'state action' requirement under the Constitution." Tewksbury v. Dowling, 169 F. Supp. 2d 103, 108 (E.D.N.Y. 2001). Determination of state action depends on an examination of the defendant's conduct, rather than his position. Murphy, 76 F. Supp. 2d at 494.

Deprivation of one's personal property by a state actor without notice or due process violates the Constitution. U.S. CONST. amend. XIV, §2. Even though Brummund is a Stonington police officer, his conduct is not automatically elevated to the level of state action. One must examine the officer's conduct, not merely his title, in order to determine whether there was state action. The determination whether police officers' actions constitute state action must be made on a case-by-case basis. Barrett v. Harwood, 189 F.3d 297, 302 (2d Cir. 1999). The "crucial question is whether the police officer was (1) present simply to stand by in case there was a breach of peace, or (2) taking an active role" in the action complained of. Id. at 302-03.

In Barrett, the police officer was called to the scene of a repossession to keep the peace. Id. at 300. The police officer intervened in the action after the plaintiff became violent towards the person repossessing his vehicle. Id. at 299-300. The court determined that the police officer's involvement in the civil dispute was de minimis and that the he was merely acting as a peace keeper. Id. at 303. Although an officer's de minimis involvement or mere presence at a scene is insufficient to constitute state action, Wright v. National Bank of Stamford, 600 F. Supp. 1289, 1295-96 (N.D.N.Y. 1985), the cases that have held that an officer's actions did not rise to the level of state action are factually distinguishable from the current dispute.

Here, the plaintiff was not in the store when the items were removed, yet Brummund followed Wallace and Luzzi into the locked premises. The actions taken by Wallace and Luzzi were not analogous to a car repossession, because Brummund did more than merely stand by to keep the peace. Despite protests by the building's owner, Brummund followed Wallace and Luzzi into the locked store. There is no allegation that Wallace told Brummund that she feared a violent altercation that would require his presence. It is impossible from the facts that are pled to

5

determine why Brummund entered the building and whether Brummund's involvement was more than de minimis.

Whether Count One of the complaint states a claim under Section 1983 turns on the reason for and the extent of Brummund's involvement. The determination of whether Brummund's actions rose to the level of state action is a factual determination that can only be assessed after discovery and the presentation of affidavits and other evidence.[1]

The Town contends that, if Officer Brummund's conduct did not constitute state action and the Section 1983 claim is dismissed as to Brummund, the Section 1983 claim should also be dismissed against the Town. See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986). Because the motion to dismiss Count One as it applies to Brummund has been denied, the motion to dismiss Count One as it applies to the Town is also denied.

The plaintiff alleges that the Town is liable under Section 1983 for its failure to train its officers regarding proper search and seizure procedures, the scope of police authority, and the delineation between criminal and civil matters. In addition the plaintiff alleges that the Town has a policy of allowing police officers to serve as escorts in civil situations. It is the Town's failure to train and its escort policy that allegedly led plaintiff to suffer a constitutional harm.

---

[1] Wallace and Luzzi's conduct might also rise to the level of state action. Private parties can have acted under the color of law if they acted jointly with a state official to deprive a person or his or her property. Ginsberg v. Healey Car & Truck Leasing, Inc., 189 F.3d 268, 271 (2d Cir. 1999). "Private persons, jointly engaged with state officials in the prohibited action are acting 'under color' of law for purposes of [Section 1983]. To act 'under color' of law does not require that the accused be an officer of the State. It is enough that he is willful participant in joint activity with the State or its agents." United States v. Price, 383 U.S. 787, 794 (1996). "Where ... a police officer exercises independent judgment in how to respond to a private party's legitimate request for assistance, the private party is not 'jointly engaged' in the officer's conduct so as to render it a state actor under Section 1983." Ginsberg, 189 F.3d at 271. See also Tewksbury, 169 F. Supp. 2d 103.

It is only when the execution of a municipality's "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the [municipality] as an entity is responsible under § 1983." <u>Monell v. Department of Social Services of the City of New York</u>, 436 U.S. 658, 694 (1978). Therefore, in order for a municipality to be liable under Section 1983, the plaintiff must plead and then prove that the existence of an official policy or custom caused a constitutional injury. <u>Russo v. City of Hartford</u>, 158 F. Supp. 2d 214, 222-23 (D. Conn. 2001). There is no heightened pleading standard required when stating a claim against a municipality under Section 1983. <u>Id.</u> at 223.

Yeomans has sufficiently pled a Section 1983 claim against the Town. Accordingly, the motion to dismiss Count One of the complaint as against the Town is denied.

### B. Qualified Immunity

Brummund and the Town also contend that Count One of the complaint, which alleges a deprivation of property and claims relief under Section 1983, should be dismissed because Brummund is entitled to qualified immunity. Defendants allege that no clearly established right of the plaintiff was violated, and that Brummund's decision to enter the locked business premises was reasonable, given the information he received from Wallace and Luzzi. Brummund entered the store with Wallace, who had a key, which defendants argue gave her apparent authority to enter the store. The plaintiff, however, contends that Brummund conducted an unlawful search and seizure that was not reasonable in light of the circumstances.

The doctrine of qualified immunity "shields government officials from liability for damages on account of their performance of discretionary functions insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would

7

have known." Rodriguez v. Phillips, 66 F.3d 470, 475 (2d Cir. 1995) (citations omitted). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable [state official] that his conduct was unlawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001). Even if a person suffers a constitutional injury due to an officer's action, if the officer's mistake of law was reasonable, the officer may be entitled to qualified immunity. Russo, 158 F. Supp. 2d at 234. Because qualified immunity is an entitlement not to stand trial, a ruling on whether one has qualified immunity should be made early in the proceedings. Id. at 233 (citations omitted).

The plaintiff alleges that his constitutional right not to be deprived of property without due process of law has been violated. His property was taken away from him without notice. The defendants admit that the Constitution protects people against seizure of property legally in their possession without notice and a prior hearing. The defendants argue, however, that, because Brummund did not physically remove the property, no clearly established right was violated. In addition, the defendants argue that it was objectively reasonable for Brummund to believe that he had the authority to enter the building because Wallace had a key, explained her involvement with the business and provided a witness to corroborate her story.

Nevertheless, an additional factual inquiry must be made to determine whether Brummund's actions were objectively reasonable. From the facts alleged, it appears that Brummund's presence was not needed within the store. The plaintiff was out of town and no altercation would have ensued if Brummund had not been present. Furthermore, Brummund ignored protests by the building's owner when entering the building. Though the defendants argue that the owner of the building did not have the authority to bar Wallace, Luzzi, and Brummand's entry, the protests affect the reasonableness of Brummund's actions.

Additional facts are required to determine the reasonableness of Brummund's actions. Though a ruling on qualified immunity should occur early in proceedings, at this point the court cannot hold that qualified immunity exists without drawing inferences in favor of the defendants, see, e.g., Reply Brief at 8 ("the Complaint can be read" as supporting inferences favorable to Brummund), which the court is not permitted to do when ruling on a motion to dismiss. Therefore, the defendant's motion to dismiss on grounds of qualified immunity is denied.

### C. State Law Claims

The plaintiff alleges that the actions taken by Brummund, Wallace, and Luzzi constitute conversion, larceny, and trespass. According to the plaintiff's complaint, his property was taken from him by the defendants, which caused him to be harmed. The plaintiff further alleges that the items were removed from a premises exclusively possessed by the plaintiff. The plaintiff fails, however, to plead sufficiently the material elements of each of these state claims.

A complaint "must contain either direct or inferential allegations respecting the material elements necessary to sustain recovery under *some* viable legal theory." Telectronics Proprietary, Ltd. v. Medtronic, Inc., 687 F. Supp. 832, 826 (S.D.N.Y. 1988) (citations omitted). "Bald assertions and conclusions of law will not suffice to state a claim." Tarshis, 211 F.3d at 35.

Conversion is the unauthorized assumption and exercise of the right of ownership that interferes and harms the owner's rights to that property. Suarez-Negrete v. Trotta, 47 Conn. App. 517, 521 (1998). The plaintiff need not allege that the unauthorized possession of the property was intentional. Id. The plaintiff must allege, however, that he was harmed in order to state a claim for conversion. Id. Therefore, at a minimum, the plaintiff must allege that the

9

defendants, including Brummund, have taken the plaintiff's property and retained possession of those items, treating them as their own.

As presently pled, the complaint fails to allege conversion by Brummund because there is no allegation that he retained any of the items taken from the store. No inference arises from the allegations of the complaint that Brummund took the items and exercised ownership over them. In fact, the complaint alleges that Wallace and Luzzi took possession of the missing items. Thus, the motion to dismiss Count Two as against Brummund is granted without prejudice to replead if a factual basis exists to do so.

Although the plaintiff need not plead that the defendants intended to take the plaintiff's property in order to state a claim for conversion, such an intention is an essential element of a cause of action for theft or larceny. The elements of larceny are: "(1) the wrongful taking or carrying away of the personal property of another; (2) the existence of a felonious intent in the taker to deprive the owner of it permanently; and (3) the lack of consent of the owner.... To prove the element of intent within the context of larceny, the state must show that the defendant intended to deprive another person of property permanently. Intent may be inferred by the fact finder from the conduct of the defendant." State v. Kimber, 48 Conn. App. 234, 240 (1998) (citations omitted).

There is no allegation in the complaint from which a jury could reasonably infer that Brummund intended permanently to deprive the plaintiff of his property. Since the intent required to state a claim for larceny cannot be inferred from the allegations of the complaint, the complaint does not sufficiently state a claim for larceny. Accordingly, defendants' motion to dismiss Count Three is granted without prejudice to replead if a factual basis exists to do so.

Plaintiff has sufficiently pled criminal trespass. In order to plead trespass, the plaintiff

must plead "(1) that the defendant, knowing he was not privileged or licensed to do so, entered or remained in a building [or any other premises]; and (2) that the defendant committed that act after an order to leave or not to enter has been personally communicated to him by the owner or other authorized person." State v. Kinchen, 243 Conn. 690, 702-03 (1998) (internal quotation marks omitted).

In this case, the plaintiff pled that the defendants knew that they were not authorized to enter his place of business. The owner of the building even protested their entry. Brummund entered the premises and stayed there for an unspecified period of time, while Wallace and Luzzi removed certain items. Therefore, the plaintiff has pled facts sufficient to state a claim for trespass. The motion to dismiss Count Three of the complaint is denied.

The defendants also argued that the court should remand the state law claims to state court, rather than exercise pendent jurisdiction over them. This argument depended on dismissal of the federal constitutional claim. Because, the Section 1983 claim has not been dismissed, the state law claims will not be remanded.

**Conclusion**

The motion to dismiss (doc. # 8) is granted in part and denied in part, specifically, the motion to dismiss Counts One and Four is denied; the motion to dismiss Counts Two and Three is granted. Counts Two and Three, however, are dismissed without prejudice to replead within thirty days if there is a factual basis to do so.

It is so ordered.

Dated at Bridgeport, Connecticut this __14th__ day of November 2003.

                                                  /s/ Stefan R. Underhill
                                                Stefan R. Underhill
                                                United States District Judge